# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENWOOD DIVISION

| | |
|---|---|
| VICKIE MCFARLAND, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MAMIE HARVLEY, <br><br> PLAINTIFF, <br><br> vs. <br><br> MAGNOLIA MANOR-GREENWOOD, MAGNOLIA MANOR OF GREENWOOD A/K/A THI OF SOUTH CAROLINA AT GREENWOOD, LLC, THI OF SOUTH CAROLINA, LLC, FUNDAMENTAL CLINICAL AND OPERATION SERVICES, LLC AND THI OF BALTIMORE, INC., <br><br> DEFENDANTS. | Case No. _____ <br><br><br><br> **JOINT CONSENT NOTICE OF REMOVAL ON BEHALF OF ALL DEFENDANTS** |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that the above-captioned matter has this date been removed to the United States District Court for the District of South Carolina, Greenwood Division, by filing this Notice and filing in the Court of Common Pleas for Greenwood County a copy of this Notice.

This motion is made jointly and with the unambiguous consent of each Defendant set forth below:

1) Defendant THI of South Carolina at Greenwood, LLC d/b/a Magnolia Manor-Greenwood (misidentified in Plaintiff's State Court Complaints as both "Magnolia Manor-Greenwood" and

"Magnolia Manor of Greenwood a/k/a THI of South Carolina at Greenwood, LLC" and hereinafter referred to as "Magnolia")[1]; 2) THI of South Carolina, LLC (hereinafter "THISC"); 3) Fundamental Clinical and Operational Services, LLC (misidentified in Plaintiff's Complat as "Fundamental Clinical and Operation Services, LLC" and hereinafter "FCOS"); and 4) THI of Baltimore, Inc. (hereinafter "Baltimore")[2]. In support thereof, these Defendants would state as follows:

1. This action pursuant is being removed pursuant to 28 U.S.C. § 1441(a) because it is between citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

2. Plaintiff Vicki McFarland, individually and in her capacity as Personal Representative for the Estate of Mamie Harvley, commenced this action on September 1, 2015 by filing a Complaint in the Court of Common Pleas for Greenwood County, South Carolina, styled *McFarland v. Magnolia Manor – Greenwood et al.*, C.A. No. 2015-CP-24-00904 ("State Court Action Survival Action"). While the instant action is styled as a "Survival Action" and was filed pursuant to S.C. Code Ann. § 15-5-90, Plaintiff also filed a "Wrongful Death Action" against the same Defendants on the same date in the same court.[3] A copy of the docket sheet and

---

[1] "Magnolia Manor-Greenwood" is not a legal entity that is in existence. Therefore, it is not a party that is capable of being sued. Rather, THI of South Carolina at Greenwood, LLC is the licensee of a skilled nursing facility that does business under the name "Magnolia Manor-Greenwood."

[2] Subject to its objections to the personal jurisdiction of this Court, Baltimore consents to the removal of this matter. Baltimore would further assert that a Motion to Dismiss for lack of personal jurisdiction is forthcoming

[3] While both actions arise from and concern the provision of healthcare to the Plaintiff's decedent, Mamie Harvley, and should be consolidated for procedural purposes, Defendant Magnolia is filing separate Notices of Removal to this Honorable Court. Defendant reserves the right to seek consolidation of these actions at the appropriate time.

all other documents on file with the Court of Common Pleas in the State Court Action are attached hereto as **Exhibit A**.

3.      Copies of Plaintiff's service of process, showing service dates upon each respective Defendant, are attached and filed with the Joint Consent Notice of Removal as **Exhibit B**, which is incorporated herein by reference.

4.      This is a proceeding in which Plaintiff alleges various causes of action against the Defendants which arise from and concern the provision of healthcare to Plaintiff's decedent, Mamie Harvley, while she was a resident at Magnolia, a skilled nursing facility.

5.      This Joint Consent Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446 within thirty (30) days of receipt of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ."

6.      Pursuant to 28 U.S.C. § 1446(d), the Defendants will promptly serve a copy of this Joint Consent Notice of Removal upon counsel for the Plaintiff and will promptly file a copy of the same with the clerk of the Greenwood County, South Carolina, Court of Common Pleas.

**JURISDICTIONAL FACTS, ARGUMENT AND AUTHORITY
DEMONSTRATING REMOVAL IS PROPER**

7.      Upon information and belief, Plaintiff is a citizen and resident of Greenwood County, South Carolina.  (See ¶'s 1 & 2 of Pltf. Compl.)

8.      At the time of commencement of this proceeding and at all times at issue, Defendant Magnolia was and is a limited liability company organized and existing under the laws of the state of Delaware.  A limited liability company is assigned the citizenship of its members.  See Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004).

10.     Defendant Magnolia's sole member is Defendant THISC, itself a Delaware limited liability company, whose sole member is Defendant Baltimore, a Delaware corporation with its principal place of business in the state of Maryland.

11.     For federal diversity jurisdiction purposes, the citizenship of Defendant Magnolia must therefore be determined by the citizenship of its sole member, THISC, and ultimately by THISC's sole member, Defendant Baltimore.

12.     "For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business. . . the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC, 636 F.3d 101, 102 (4th Cir. 2011), citing Hertz Corp. v. Friend, 130 S. Ct. 1181, 1186, 175 L. Ed. 2d 1029 (2010).

13.     Accordingly, for federal jurisdiction purposes, Magnolia is a citizen of both Delaware and Maryland given that Defendant Baltimore is a Delaware corporation with its principal place of business in the state of Maryland. As a result, Magnolia, THISC, and Baltimore are all citizens of Delaware and Maryland.

14.     Defendant Fundamental Clinical and Operational Services, LLC ("FCOS") is a limited liability company organized and existing under the laws of Delaware whose sole member is Defendant Baltimore. Accordingly, FCOS is deemed to be a citizen of both Delaware and Maryland as well.

15.     Complete diversity of citizenship exists between the Plaintiff and all Defendants pursuant to 28 U.S.C. §1332, as Plaintiff and all Defendants are citizens of different states.

16.     Venue lies in this Court, *i.e*., the United States District Court for the District of South Carolina, Greenwood Division, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the District of South Carolina, and the Greenwood County, South Carolina, Court of Common Pleas is located in the Greenwood Division of the District of South Carolina.  Venue therefore is proper in this Court because it is in the "district and division embracing the place where such action is pending."  *Id.*

17.     Plaintiff's Complaint alleges that the negligent acts and omissions by Defendants were the proximate cause of the death of Plaintiff's decedent. These proceedings are of a civil nature and involve a controversy wholly between citizens of different states and the value of the matter in dispute in said cause, upon information and belief, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, as appears from the allegations contained in Plaintiff's Complaint.  Plaintiff seeks actual and punitive damages from the Defendants, and in light of the allegations alleged by Plaintiff, it is sufficiently probable and/or certain that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.   See Mattison v. Wal-Mart Stores, Inc., C.A. No. 6:10-CV-01739-JMC (D.S.C. Feb. 4, 2011) ("When a specific amount is not specified in the complaint, the object which is sought to be accomplished by the plaintiff may be looked to in determining the value of the matter in controversy.") (internal citations and quotations omitted); Crosby v. CVS Pharmacy, Inc., 409 F. Supp. 2d 665, 668 (D.S.C. 2005) ("This court follows the 'preponderance of the evidence' standard because . . . 'the court is not required to leave its common sense behind' when ascertaining the proper amount in controversy."), quoting White v. J.C. Penney Life Ins. Co., 861 F. Supp. 25, 27 (S.D. W. Va. 1994).

5

WHEREFORE, Defendants pray that this Court accept this Joint Consent Notice of Removal and that this Honorable Court take jurisdiction of the above-entitled proceeding and all further proceedings in the Court of Common Pleas, Greenwood County, State of South Carolina, be stayed.

Respectfully submitted,

YOUNG CLEMENT RIVERS, LLP

By: /s/ *D. Jay Davis, Jr.*
D. Jay Davis, Jr. Fed. I.D. No. 6723
James E. Scott, IV Fed. I.D. No. 9063
Perry M. Buckner, IV Fed. I.D. No. 11298
P.O. Box 993, Charleston, SC  29402
(843) 720-5406; jdavis@ycrlaw.com;
jscott@ycrlaw.com; pbuckner@ycrlaw.com
*Attorneys for the Defendants THI of South Carolina at Greenwood, LLC d/b/a Magnolia Manor-Greenwood, THI of South Carolina, LLC, Fundamental Clinical and Operational Services, LLC and THI of Baltimore, Inc.*