# EXHIBIT A

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF GREENWOOD | ) | |
| | ) | |
| Vickie McFarland, Individually and as Personal Representative of the Estate of Mamie Harvley, | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2015-CP - 24- 00904 |
| vs. | ) | |
| | ) | |
| Magnolia Manor – Greenwood, Magnolia Manor of Greenwood a/k/a THI of South Carolina at Greenwood, LLC, THI of South Carolina, LLC, Fundamental Clinical and Operation Services, LLC, and THI of Baltimore, Inc., | ) | |
| Defendant(s) | ) | |

Submitted By: Jennifer Spragins Burnett        SC Bar #:       69617
Address: PO Box 35, Anderson, SC 29622          Telephone #:   (864) 964-0333
                                                Fax #:         (864) 964-0930
                                                Other:
                                                E-mail:

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☒ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20 14 -NI- 24 - 00002 | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) |
| ☐ Employment (180) | | ☐ Other (399) | |
| ☐ Other (199) | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |

SCCA / 234 (06/2015)                                                                                 Page 1 of 3

**Submitting Party Signature:** _/s/ Burnett_  **Date:** August 31, 2015

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:    You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS

COUNTY OF GREENWOOD

Vickie McFarland, individually and as Personal Representative of the Estate of Mamie Harvley,

    Plaintiff,

vs.

Magnolia Manor – Greenwood, Magnolia Manor of Greenwood a/k/a THI of South Carolina at Greenwood, LLC, THI of South Carolina, LLC, Fundamental Clinical and Operation Services, LLC, and THI of Baltimore, Inc.,

    Defendants.

C.A. NO.: 2015-CP-24-00904

**SUMMONS**
(Survival Action)

**(JURY TRIAL DEMANDED)**

FILED COMMON PLEAS
8TH JUDICIAL CIRCUIT
GREENWOOD, S.C.
2015 SEP -1 PM 3: 17

TO THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscriber at this office at Post Office Box 35, Anderson, South Carolina, 29622, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff(s) in this action will apply to the Court for the said relief demanded in the Complaint.

TO INFANT(S) OVER FOURTEEN YEARS OF AGE (AN IMPRISONED PERSON):

You are further summoned and notified to apply for the appointment of a Guardian <u>ad Litem</u> to represent you in this action within thirty (30) days after the service of this Summons and Notice upon you. If you fail to do so, application for such appointment will be made by the Plaintiff(s) herein.

TO INFANT(S) UNDER FOURTEEN YEARS OF AGE (INCOMPETENT OR INSANE) AND TO, (GENERAL OR TESTAMENTARY GUARDIAN) (COMMITTEE) WITH WHOM (S)HE/(THEY) RESIDE(S):

You are further summoned and notified to apply for the appointment of a Guardian <u>ad Litem</u> to represent said infant(s) under fourteen years of age (said incompetent or insane person) within thirty (30) days after the service of this Summons and Notice upon you. If you fail to do so, application for such appointment will be made by the Plaintiff(s) herein.

_____
Jennifer Spragins Burnett
**Harbin & Burnett, L.L.P.**
2124 North Highway 81 (29621)
P.O. Box 35
Anderson, SC  29622
(864) 964-0333
**ATTORNEY FOR THE PLAINTIFFS**

Anderson, South Carolina
August 31, 2015

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF GREENWOOD | IN THE COURT OF COMMON PLEAS |
| Vickie McFarland, individually and as Personal Representative of the Estate of Mamie Harvley,<br><br>Plaintiff,<br>vs.<br><br>Magnolia Manor – Greenwood, Magnolia Manor of Greenwood a/k/a THI of South Carolina at Greenwood, LLC, THI of South Carolina, LLC, Fundamental Clinical and Operation Services, LLC, and THI of Baltimore, Inc.,<br><br>Defendants. | C.A. NO.: 2015-CP-24-00904<br><br>COMPLAINT<br>(Survival Action)<br><br>(JURY TRIAL DEMANDED) |

The Plaintiff, complaining of the Defendants herein, would respectfully show unto the Court and allege as follows:

### Jurisdictional Allegations

1. The Plaintiff, Vickie McFarland, ("Mrs. McFarland"), as the Personal Representative of the Estate of Mamie Harvley, is the duly appointed, qualified, and acting Personal Representative of the Estate of her mother, Mamie Harvley ("Mrs. Harvley") as defined by South Carolina Code Ann. § 62-3-203. Ms. McFarland is a resident of the County of Greenwood, State of South Carolina.

2. The Decedent, Mamie Harvley, was, at the time of her death, a resident of the skilled nursing facility doing business as "Magnolia Manor of Greenwood" which is located at 1415 Parkway in Greenwood, South Carolina.

3. Upon information and belief, the Defendants Magnolia Manor – Greenwood and Magnolia Manor of Greenwood (hereafter, collectively "Magnolia Manor"), are licensed as a skilled nursing facility and doing business as a healthcare provider.

4. Upon further information and belief, the THI of South Carolina at Greenwood, LLC, THI of South Carolina, LLC, Fundamental Clinical and Operation Services, LLC, and THI of Baltimore, Inc., are entities which own, operate, direct, control, provide management or consulting services to, or are the alter-egos of the long term care facility known as Magnolia Manor.

5. At all times relevant, the Defendants acted by and through their agents, contractors, and employees for the purpose of carrying on their business and therefore, are liable for the negligent acts of their agents, contractors, and employees under the theories of non-delegable duty and *respondeat superior*.

6. Upon information and belief, Magnolia Manor is organized under one of the States of the United States and doing business in the County of Greenwood, State of South Carolina as a "nursing home" as defined by South Carolina Code Ann. §40-35-20(7) and/or a "long term care facility" as defined by South Carolina Code Ann. §44-81-30(1).

7. The facts and circumstances alleged herein and giving rise to the Plaintiff's Complaints occurred in the County of Greenwood, State of South Carolina.

8. This action is brought for damages and other appropriate relief pursuant to the statutory and common law of the State of South Carolina, the Omnibus Budget Reconciliation Act of 1987, ("OBRA") and the Regulations of the South Carolina Department of Health and Environmental Control.

9. Jurisdiction and venue are proper in this judicial circuit pursuant to South Carolina Code Ann. § 15-7-30(B).

## Facts

10. Mrs. Harvley was admitted to Magnolia Manor July 6, 2012 after a hospitalization for acute renal failure, dehydration, and weakness. At the time of her admission, Mrs. Harvley had been diagnosed with dementia. She was incontinent, was at risk for falls, was able to feed herself, and could transfer with assistance.

11. There were numerous areas of negligent and grossly negligent care in the treatment Mrs. Harvley received while at Magnolia Manor including, but not limited to: failure to provide a comprehensive and individualized plan of care, failure to implement appropriate interventions to prevent falls and/or injuries, failure to perform appropriate assessments, failure to provide a safe environment free from injury, failure to document accurately in the medical record, failing to provide adequate pain management, and allowing Mrs. Harvley to suffer a displaced left femoral neck fracture, a compression fracture, and a fracture of the clavicle.

12. Mrs. Harvley was transferred to Self Regional Healthcare on or about March 12, 2013. At the time of her admission to Self Regional, she was diagnosed with a left subcapital femoral neck fracture.

13. Mrs. Harvley's condition deteriorated until her death on July 13, 2014.

## First Cause of Action
### (Negligence)

14. The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.
15. During all times relevant, the Defendants' acts and omissions amounted to negligence, recklessness and a willful and wanton disregard for the health and wellbeing of Mamie Harvley.
16. As a direct and proximate result of the willful and wanton and reckless acts, as well as the gross negligence of the Defendants, Mamie Harvley sustained severe injuries.
17. Vickie McFarland, as Personal Representative of the Estate of her mother, is entitled to recover compensatory damages from the Defendants in an amount to be proven at trial.
18. Vickie McFarland, as Personal Representative of the Estate of her mother, is entitled to recover punitive damages from the Defendants in an amount as to be determined by this Court.
19. Following the acceptance of Mrs. Harvley as a resident, the Defendants were under a continuing duty both under the statutory and common law of South Carolina, as well as by the terms of said admission agreement to exercise reasonable care in their treatment of Mrs. Harvley in light of her known conditions.
20. The Defendants were negligent, willful, wanton, reckless and grossly negligent and deviated from the expected standards of skill, care, and learning in their treatment of Mrs. Harvley in the following particulars:

   a. Failing to monitor Mamie Harvley to prevent falls and injury;
   b. Failing to prepare an adequate care plan to prevent falls and injury;
   c. Failing to adhere to a care plan which prevents falls and injury;
   d. Failing to comply with State and Federal Laws and regulations;
   e. Failing to allocate sufficient resources to the facility and in particular, nursing budgets, to meet the needs of Mamie Harvley;
   f. Failing to ensure that adequate staff was available to meet the needs of Mamie Harvley;
   g. Failing to ensure that staff was trained to meet the needs to Mamie Harvley;
   h. Failing to supervise staff in the care provided to Mamie Harvley;
   i. Failing to meet professional standards;

j. Failing to provide services that were necessary to avoid physical harm and mental anguish, which constitutes neglect;

k. Failing to provide Mamie Harvley with services that were necessary to attain or maintain physical, mental, and psychosocial well-being, which constitutes abuse; and

l. Failing to use the degree of care as would have been used by medical care providers of reasonable skill and prudence under the prevailing standards of care; and

m. By other negligent or grossly negligent acts and/or omissions yet to be determined or defined; and

n. In such other particulars as may be ascertained through discovery procedures undertaken pursuant to the South Carolina Rules of Civil Procedure.

21. As a direct and proximate result of the negligence, recklessness, and gross negligence of the Defendants, as set forth above, Mamie Harvley, suffered emotional and physical pain, mental pain, mental anguish, and emotional distress.

22. Vickie McFarland is entitled to recover damages, as set forth herein, from the Defendants in an amount as to be determined by this Court.

### Second Cause of Action
### (Gross Negligence as to all Defendants)

23. The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

24. During all times material to the claims herein, the Defendants' acts and omissions amounted to gross negligence, recklessness, and a willful and wanton disregard for the safety and wellbeing of Mamie Harvley. The reckless, willful and wanton acts of the Defendants include, but are not limited to those set forth in the foregoing paragraphs.

25. As a direct and proximate result of the willful and wanton acts, as well as the gross negligence of the Defendants, Mamie Harvley sustained severe injuries and damages.

26. As a direct and proximate result of the negligence, gross negligence, recklessness, willfulness and wantonness of the Defendants herein, Mamie Harvley suffered, and Plaintiff, Vickie McFarland, as Personal Representative, has suffered damages as more fully set forth in the following.

4

## Third Cause of Action
### (Negligence *Per Se*)

27. The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.
28. In addition to the aforementioned negligent acts, the Defendant violated the O.B.R.A. Regulations, South Carolina Code, and South Carolina Regulations, which establish the minimum standard of care to be followed by nursing homes, such violations being negligent and negligent *per se*.
29. These legislative and administrative regulations are designed to prevent injury to a class of persons to which Mamie Harvley belonged.
30. These violations by Defendants were the proximate cause of Mrs. Harvley's injuries and damages.

## Damages

31. The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.
32. As a direct and proximate result of the negligence, gross negligence, recklessness, willfulness and wantonness of the Defendants herein, Mamie Harvley suffered numerous painful, severe, and grievous injuries to her body.
33. In accordance with South Carolina Code Ann. § 15-5-90, and as a direct result of the Defendants' negligence and gross negligence, Vickie McFarland, as Personal Representative of the Estate of her mother has incurred the following:
    a. Medical, surgical, and hospital expenses;
    b. Conscious pain, suffering, and mental distress experienced by Mamie Harvley; and
    c. Punitive damages.
34. Vickie McFarland, as Personal Representative of the Estate of her mother, is entitled to recover actual and punitive damages from the Defendants in an amount as to be determined by this Court.

## Punitive Damages

35. The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.
36. The acts and/or omissions of the Defendants, as stated above, were willful, wanton, and/or in reckless disregard for the safety, wellbeing, and life of Mamie Harvley.
37. As a direct and proximate result of the willful, wanton, and/or reckless acts and omissions of the Defendants, Mamie Harvley suffered.
38. The conduct of the Defendants as set forth above justifies an award of punitive damages for each and every claim of the Plaintiff as set forth herein.

**WHEREFORE**, the Plaintiff demands a trial by jury pursuant to Rule 38(b) of the South Carolina Rules of Civil Procedure (SCRCP), and prays for judgment against the Defendants, for actual and punitive damages in an amount to be determined by the jury which Plaintiff alleges to be in excess of One Hundred Thousand and No/100 ($100,000.00) Dollars actual damages, such allegation being made for the purpose set forth in Rule 30(h) of the SCRCP, for the costs of this action, and for such other and further relief as this court may deem just and proper.

*[signature]*
Jennifer Spragins Burnett, SC Bar #69617
**Harbin & Burnett, LLP**
2124 Highway 81 North (29621)
P.O. Box 35
Anderson, SC  29622-0035
(864) 964-0333
(864) 964-0930 (Facsimile)
*Attorneys for the Plaintiff*

Anderson, South Carolina
August 31, 2015

6