UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Vickie McFarland, Individually and as Personal Representative of the Estate of Mamie Harvley<br><br>Plaintiff,<br><br>vs.<br><br>Magnolia Manor-Greenwood, Magnolia Manor of Greenwood a/k/a THI of South Carolina at Greenwood, LLC, THI of South Carolina, LLC, Fundamental Clinical and Operation Services, LLC and THI of Baltimore, Inc.,<br><br>Defendants. | 8:15-cv-04201-TMC<br>8:15-cv-04202-TMC<br><br>**PETITION FOR SETTLEMENT APPROVAL** |

Petitioner, Vickie McFarland, individually and as Personal Representative of the Estate of Mamie Harvley, respectfully petitions the Court to approve the proposed settlement set forth herein. In support of this Petition, Petitioner will show that:

1.  Petitioner was duly appointed as the Personal Representative of the Estate of Mamie Harvley by the Saluda County Probate Court.

2.  Petitioner, individually and as Personal Representative of the Estate of Mamie Harvley, desires to compromise, settle, and resolve claims made in the Survival Action and Wrongful Death Summons and Complaint entitled *Vickie McFarland, Individually and as Personal Representative of the Estate of Mamie Harvley vs. Magnolia Manor-Greenwood, Magnolia Manor of Greenwood a/k/a THI of South Carolina at Greenwood, LLC, THI of South Carolina, LLC, Fundamental Clinical and Operation Services, LLC, and THI of Baltimore, Inc.,* Defendants, which was filed in the Court of Common Pleas for Greenwood County and assigned Civil Action Nos. 2015-CP-24-00905 and 2015-CP-24-00904 (hereinafter "the Lawsuit"). The Lawsuit was later removed to the United States District Court, District of South Carolina, Greenwood Division

and assigned the Civil Action Nos. 8:15-cv-04201-TMC and 8:15-cv-04202-TMC.

3.   Petitioner made her claims on behalf of the Estate of Mamie Harvley, individually, and as representative of the statutory beneficiaries, for the care and treatment of Mamie Harvley while she was a resident at Magnolia Manor-Greenwood.

4.   Ms. Harvley was alleged to have sustained a fall resulting in a left subcapital femoral neck fracture. Ms. Harvey passed away as a result of those conditions.

5.   Plaintiff and Magnolia Manor-Greenwood ("the Parties")[1] engaged in a mediation of this matter, which resulted in a settlement in the amount of $75,000.00. The parties have agreed to the following terms:

$15,000 by 9.30.2016
$10,000 by 10.31.2016
$10,000 by 11.30.2016
$10,000 by 12.31.2016
$10,000 by 1.31.2017
$10,000 by 2.28.2017
$10,000 by 3.31.2017

Plaintiff shall provide written notice of the default to Payor and its counsel and Payor shall be allowed 15 days (excluding weekends and holidays) "the grace period" from the notice of default to cure said default by making the then due settlement installment by wire or certified funds to counsel for the Plaintiff during the said grace period. In the event that any installment is more than 30 days late, and the grace period has expired (excluding holidays) on any payment due hereunder, Plaintiff may declare the entire unpaid balance due immediately and may record a judgment against Payor and may thereafter pursue all rights of collection, levy and execution against Payor, including but not limited to claims for breach of contract.

6.   Due to the uncertainties of trial, the considerable expense associated with the pursuit of professional negligence matters to jury trials, and the extensive length of time which will be expended to

---

[1] Defendants THI of South Carolina, LLC; Fundamental Clinical and Operational Services, LLC; THI of Baltimore, Inc. are dismissed with prejudice pursuant to agreement of the Parties.

reach a trial in this matter, the Petitioner respectfully requests that this Court approve the Settlement between the parties.

7. Petitioner is informed and believes, after careful consideration of this matter, that the settlement is in the best interest of the Estate of Mamie Harvley, and the statutory beneficiaries, heirs-at-law, and devisees of Mamie Harvley, that the settlement proposal set forth above be accepted as reasonable, and that the settlement is an acceptable disposition this matter.

8. Petitioner brings this Petition seeking approval from this Court of the settlement as proposed in this Petition.

9. Mamie Harvley's Last Will and Testament has been filed with the Saluda County Probate Court. The testate and Wrongful Death beneficiaries of Ms. Harvley are the Petitioner and her siblings.

10. The Parties to be released under the settlement are as follows: THI of South Carolina at Greenwood, LLC d/b/a Magnolia Manor-Greenwood and its affiliates and related entities, and their employees, agents, corporate owners, subsidiaries, assigns, predecessors, successors, members, stockholders and affiliates, and their insurance carriers, claims handlers, representatives and attorneys, which provided professional liability insurance coverage to Payor for the period of time giving rise to the Petitioner's Complaints.

11. The insurance coverage available to satisfy any judgment arising out of these claims against THI of South Carolina at Greenwood, LLC d/b/a Magnolia Manor-Greenwood has been exhausted by indemnity and defense costs. Insurance coverage was provided by American Safety Indemnity Company. The Defendants have no other insurance coverage applicable to the claims, verdict, or Settlement in this matter.

12. The Petitioner requests that the Settlement be apportioned as follows:
    A) $70,000 to the Wrongful Death Action; and

        B)        $5,000 to the Survival Action.

13. The Petitioner understands and agrees that as Personal Representative of the Estate of Mamie Harvley, she will be responsible for satisfying any and all liens, including liens for medical expenses, out of the proceeds of the Settlement in such a way as to protect the Payor from any liability in regard to any such liens. The Petitioner is aware that Medicare has asserted a lien against the proceeds of the Settlement.

14. The Petitioner has received the Final Demand from Medicare in the amount of $591.42. Because funds are due to Medicare before any payment is due from Payor, Petitioner has satisfied the Medicare demand with personal funds and requests that she be reimbursed from settlement proceeds upon receipt. Proof of satisfaction of that lien has been provided to counsel for the Payor.

15. The Petitioner is not aware of any other liens against the Settlement proceeds.

16. The Petitioner understands and agrees that she is responsible, as Personal Representative of the Estate, for the satisfaction of any liens.

17. The settlement monies are to be paid as follows: checks will be made payable to "Vickie McFarland, as Personal Representative of the Estate of Mamie Harvley and Harbin & Burnett, LLP."

18. The Petitioner, as Personal Representative of the Estate of Mamie Harvley, will indemnify and hold harmless the Payor for any and all claims or liens, including medical liens, which others have or may attempt to assert against the Released Parties relating to the subject matter of this action. This indemnity obligation includes, but is not limited to, any lien, claim, demand or suit by a third party, such as Medicaid, Medicare, or their intermediaries, and any other third party health provider or insurance carrier against the Payor for reimbursement or subrogation of monies paid on behalf of Mamie Harvley for health care services rendered to Mamie Harvley arising from or related to the claims herein released.

19. The Petitioner and her attorneys have agreed that the total attorneys' fees are $30,000.00 consistent with the 40% retainer agreement between Petitioner and her Attorneys, Harbin & Burnett, LLP, and the total costs are $9,892.07 in the Lawsuit. The Petitioner asks that this Court find that the above

attorneys' fees and costs are fair and reasonable and approve the same and authorize disbursement upon approval of this settlement accordingly.

WHEREFORE, Petitioner prays that this Court approve the proposed settlement as outlined in the Petition and authorize Petitioner to enter into a settlement, to sign a Release in favor of the Payor, and to execute and deliver other necessary documents to release and to indemnify the Payor and to forever end the present Lawsuit, any future lawsuits and any claim or potential causes of action against the Payor.

*Vickie McFarland*
Vickie McFarland, individually and as Personal Representative
of the Estate of Mamie Harvley

*Jennifer Burnett*
Jennifer Spragins Burnett, Esq.
Harbin & Burnett, LLP
Attorney for Vickie McFarland, individually and as Personal
Representative of the Estate of Mamie Harvley

STATE OF SOUTH CAROLINA )
) **VERIFICATION**
COUNTY OF ANDERSON )

PERSONALLY appeared before me the undersigned, Vickie McFarland, after being duly sworn, deposes and says that she is the Petitioner and Personal Representative of the Estate of Mamie Harvley, deceased, and that the allegations contained in the foregoing Petition are true of her own knowledge, except those allegations stated upon information and belief, and as to those he believes them to be true.

*Vickie McFarland*
Vickie McFarland

SWORN TO AND SUBSCRIBED before me )
)
this 1st day of July, 2016 )
)
)
*[signature]* )
Notary Public for the State of South Carolina )
)
My Commission Expires: 8/24/2022 )

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Vickie McFarland, Individually and as Personal Representative of the Estate of Mamie Harvley<br><br>Plaintiff,<br><br>vs.<br><br>Magnolia Manor-Greenwood, Magnolia Manor of Greenwood a/k/a THI of South Carolina at Greenwood, LLC, THI of South Carolina, LLC, Fundamental Clinical and Operation Services, LLC and THI of Baltimore, Inc.,<br><br>Defendants. | 8:15-cv-04201-TMC<br>8:15-cv-04202-TMC<br><br>**ATTORNEY CERTIFICATION** |

The undersigned, as attorneys for Vickie McFarland, Individually and as the Personal Representative of the Estate of Mamie Harvley, hereby attests, pursuant to S.C. Code 15-51-42(b) and any and all other applicable statutes, that she is of the opinion that the compromise settlement reached in regard to the certain claims against THI of South Carolina at Greenwood, LLC d/b/a Magnolia Manor-Greenwood is fair and reasonable and in the best interests of the statutory beneficiaries, heirs-at-law, and the Estate of Mamie Harvley.

Harbin & Burnett, LLP

By: _____
Jennifer Spragins Burnett, Esq.
Harbin & Burnett, LLP
ATTORNEYS FOR PETITIONER

July ___, 2016
Anderson, South Carolina