UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Vickie McFarland, Individually and as Personal Representative of the Estate of Mamie Harvley<br><br>Plaintiff,<br><br>vs.<br><br>Magnolia Manor-Greenwood, Magnolia Manor of Greenwood a/k/a THI of South Carolina at Greenwood, LLC, THI of South Carolina, LLC, Fundamental Clinical and Operation Services, LLC and THI of Baltimore, Inc.,<br><br>Defendants. | 8:15-cv-04201-TMC<br>8:15-cv-04202-TMC<br><br>**ORDER APPROVING SETTLEMENT** |

This matter came before the Court upon the Petition of Vickie McFarland, individually and as Personal Representative of the Estate of Mamie Harvley, requesting this Court approve the settlement entered between McFarland and THI of South Carolina at Greenwood, LLC d/b/a Magnolia Manor-Greenwood ("the Parties")[1]. The Parties appeared before this Court on _____ at a hearing in which all parties were represented by counsel.

This Court finds that the Petitioner was duly appointed as Personal Representative of the Estate of Mamie Harvley by the Probate Court in Saluda County.

This Court finds that the Petitioner, individually and as Personal Representative of the Estate of Mamie Harvley, desires to compromise, settle, and resolve claims made in lawsuits which are entitled *Vickie McFarland, Individually and as Personal Representative of the Estate of Mamie Harvley vs. Magnolia Manor-Greenwood, Magnolia Manor of Greenwood a/k/a THI of South Carolina at Greenwood, LLC, THI of South*

---

[1] Defendants THI of South Carolina, LLC; Fundamental Clinical and Operational Services, LLC; THI of Baltimore, Inc. are dismissed with prejudice pursuant to agreement of the Parties.

*Carolina, LLC, Fundamental Clinical and Operation Services, LLC, and THI of Baltimore, Inc.,* which was filed in the Court of Common Pleas for Greenwood County and assigned Civil Action Nos. 2015-CP-24-00905 and 2015-CP-24-00904 (hereinafter "the Lawsuit"). The Lawsuit was later removed to the United States District Court, District of South Carolina, Greenwood Division and assigned the Civil Action Nos. 8:15-cv-04201-TMC and 8:15-cv-04202-TMC.

This Court finds that the Petitioner made her claims on behalf of the Estate of Mamie Harvley, individually, and as representative of the statutory beneficiaries, for the care and treatment of Mamie Harvley while she was a resident at Magnolia Manor-Greenwood.. The Petitioner alleged that Ms. Harvley sustained a fall resulting in a left subcapital femoral neck fracture. Ms. Harvey passed away as a result of those conditions.

The Parties engaged in a mediation of this matter, which resulted in a settlement in the amount of $75,000.00. THI of South Carolina at Greenwood, LLC d/b/a Magnolia Manor-Greenwood ("Payor") shall make payments according to the following schedule:

    $15,000 by 9.30.2016
    $10,000 by 10.31.2016
    $10,000 by 11.30.2016
    $10,000 by 12.31.2016
    $10,000 by 1.31.2017
    $10,000 by 2.28.2017
    $10,000 by 3.31.2017

Plaintiff shall provide written notice of the default to Payor and its counsel and Payor shall be allowed 15 days (excluding weekends and holidays) "the grace period" from the notice of default to cure said default by making the then due settlement installment by wire or certified funds to counsel for the Plaintiff during the said grace period. In the event that any installment is more than 30 days late, and the grace period has expired (excluding holidays) on any payment due hereunder, Plaintiff may declare the entire unpaid balance due immediately and may record a judgment against Payor and may thereafter pursue all rights of collection, levy and execution against Payor, including but not limited to claims for breach of contract.

Due to the uncertainties of trial, the considerable expense associated with the pursuit of professional negligence matters to jury trials, and the extensive length of time which will be expended to reach a trial in this matter, the Petitioner requested that this Court approve the Settlement between the Parties, as set forth in the Petition filed with the Clerk of Court.

After having given careful consideration to the Settlement, as outlined by the Petition, counsel for the Plaintiff, Jennifer Spragins Burnett, and counsel for the Released Parties, and after fully considering the testimony provided at the settlement approval hearing in this matter as to the facts and circumstances surrounding this matter, and having fully reviewed the terms of the Settlement offered by the Parties to settle this matter, this Court finds that said settlement is fair and reasonable and is in the best interests of the Estate of Mamie Harvley and of the statutory beneficiaries, heirs-at-law, and devisees of Mamie Harvley and for good cause shown approves the settlement.

This Court finds that the parties to be released under the settlement are as follows: THI of South Carolina at Greenwood, LLC d/b/a Magnolia Manor-Greenwood and its affiliates and related entities, and their employees, agents, corporate owners, subsidiaries, assigns, predecessors, successors, members, stockholders and affiliates, and their insurance carriers, claims handlers, representatives and attorneys, and American Safety Indemnity Company, which provided professional liability insurance coverage to the Defendants for the relevant period of time.

This Court finds the settlement offer to be reasonable and appropriate under these circumstances and that the parties and their attorneys have complied with S.C. Code § 15-51-41, et seq., S.C. Code § 15-5-90, and all other applicable statutory requirements, and that Petitioner's attorneys has appropriately filed the required attorney certification.

Vickie McFarland, individually and as Personal Representative of the Estate of Mamie Harvley, shall be responsible for paying and satisfying any liens, including liens for medical expenses, out of the proceeds of this settlement in such a way as to protect the Payor from any liability in regard to any such liens.

The Petitioner has received the Final Demand from Medicare in the amount of $591.42. Because funds are due to Medicare before any payment is due from Payor, Petitioner has satisfied the Medicare demand with personal funds. Petitioner shall be reimbursed from settlement proceeds upon receipt of those funds from Payor.

Vickie McFarland, Individually and as Personal Representative of the Estate of Mamie Harvley, shall indemnify and hold harmless the Defendants for any and all claims or liens, including medical liens, which others have or may attempt to assert against the Payor relating to the subject matter of the above captioned matters. This indemnity obligation includes, but is not limited to, any lien, claim, demand or suit by a third party, such as Medicaid, Medicare, their intermediaries or any other third party health provider or insurance carrier against the Payor for reimbursement or subrogation of monies paid on behalf of Mamie Harvley for health care services rendered to Mamie Harvley arising from or related to the claims herein released, subject to the provisions set forth above regarding payment to Medicare.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that this Court expressly approves the settlement proposal as presented.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Petitioner and her attorneys have agreed that the total attorneys' fees are $30,000.00 consistent with the retainer agreement between Petitioner and his Attorneys, Harbin & Burnett, LLP, and total costs of the litigation are $9,892.07 which are included as part of the total settlement monies paid.

This Court finds that the above costs and attorneys' fees are fair and reasonable and hereby approves the same and authorizes disbursement accordingly upon entry of this Order.

This Court Orders that Settlement funds shall be apportioned as follows:

    A)    $70,000 to the Wrongful Death Action; and

    B)    $5,000 to the Survival Action.

This Court finds that the allocation set forth above is consistent with the testimony presented at the

hearing in this matter regarding the suffering endured by Mamie Harvley and her ultimate death. This Court finds that the allocation is in the best interest of both the Estate of Mamie Harvley and the Wrongful Death beneficiaries of Mamie Harvley.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that this Court authorizes and directs Petitioner Vickie McFarland, individually and as Personal Representative of the Estate of Mamie Harvley, upon receipt of the monies payable under the terms of the settlement, to execute and deliver the necessary documents, to hereby irrevocably and unconditionally forever release, remise, acquit and discharge the Payor and its corporate parents, members, assigns, subsidiaries, predecessors and affiliates, and all of their present, former or future agents, principals, representatives, employees, administrators, members, personal representatives, executors, heirs, servants, directors, boards, officers, attorneys, subsidiaries, divisions, corporate parents, assigns, affiliates, owners, stockholders, predecessors and successors, from and against any and all manner of actions, causes of actions, claims, debts, obligations, losses, costs, promises, covenants, agreements, contracts, endorsements, bonds, controversies, liabilities, rights, damages, judgments, expenses, lawsuits, counterclaims, cross-claims, demands, suits, whether in law or equity, and any and all claims asserted or unasserted, expressed or implied, foreseen or unforeseen, real or imaginary, anticipated or unanticipated, suspected or unsuspected, known or unknown, liquidated or non-liquidated, of any kind or nature or description, arising out of, or in any way connected with the claims described herein or as a result of the subject matter described and alleged in, or could be alleged in the Lawsuit or in any lawsuit. Vickie McFarland, individually and as Personal Representative of the Estate of Mamie Harvley, is directed to indemnify the Payor as described hereinabove and is also authorized to execute any documents necessary to settle this matter and forever end it.

IT IS HEREBY ORDERED AND ADJUDGED that the Settlement is approved as stated and that the Court concludes this matter and forever forecloses any further action against the Payor as hereinabove set forth. This entire matter including all Complaints are hereby dismissed with prejudice against Payor.

                                                              _____
                                                              The Honorable Timothy M. Cain
                                                              United States District Judge

Anderson, South Carolina